IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.            19-CR-6159-FPG

FELIX FIGUEROA,

        Defendant.

## GOVERNMENT'S RESPONSE TO MOTION FOR COMPASSIONATE RELEASE

The United States of America, by and through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Cassie M. Kocher, Assistant United States Attorney, of counsel, hereby responds to the defendant's motion for compassionate release.

## PROCEDURAL HISTORY AND RELEVANT FACTS

On October 28, 2019, the defendant, Felix Figueroa, pled guilty to a one-count Information which charged conspiracy to possess with intent to distribute, and to distribute, 40 grams or more of fentanyl in violation of Title 21, United States Code, Section 841(a)(1). Dkt. 31.

On January 24, 2020 this Court sentenced the defendant to ninety-six (96) months imprisonment with four (4) years supervised release.  Dkt. 39.  Currently, the defendant is incarcerated at FCI McKean, a medium-security federal correctional institution in Lewis Run, PA, with a projected release date of November 22, 2024.

According to the Bureau of Prisons (BOP), on or about April 23, 2020, the defendant submitted correspondence to the BOP requesting compassionate release/reduction in sentence.   On June 1, 2020, the defendant's request was denied.   On March 11, 2021, the defendant filed the instant motion for Compassionate Release.   Dkt. 42.

As 30 days has elapsed from the date of the defendant's original request to the BOP on April 23, 2020, the defendant has satisfied the exhaustion requirements of 18 U.S.C. § 3582 allowing the Court to consider the motion on the merits.[1]

## LEGAL STANDARDS

Under § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment only if a defendant can show (1) he has met the statutory exhaustion requirement; (2) "extraordinary and compelling reasons" warrant the reduction; (3) the defendant is not a danger to the safety of any other person or to the community; and (4) the reduction is consistent with 18 U.S.C. § 3553(a) and U.S.S.G.   *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at *2 (W.D.N.Y. Apr. 29, 2020); *see also* USSG § 1B1.13 (the United States Sentencing Guidelines Policy Statement on compassionate release).

---

[1]     A prisoner who seeks modification of his sentence under the compassionate release provision may only make such a motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).   This non-waivable statutory exhaustion requirement is not the sort of judicially-crafted exhaustion requirement that "remain[s] amenable to judge-made exceptions," *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016), but rather is a statutory exhaustion requirement that "stands on a different footing" and for which the only permissible exceptions are those contained in the statute.   *Id.*; *see also Bastek v. Fed. Crop. Ins.*, 145 F.3d 90, 94 (2d Cir. 1998).

Per the application notes set forth at § 1B1.13, the following may be considered extraordinary and compelling reasons:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I)     suffering from a serious physical or medical condition,
(II)    suffering from a serious functional or cognitive impairment, or
(III)   experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family circumstances. -

(i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

USSG § 1B1.13, comment. (n.1).

Notwithstanding the statutory and guidelines language, the government acknowledges that the Second Circuit recently held that "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release.   Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).   "The determination as to what constitutes extraordinary and compelling reasons warranting a reduction is committed to the sound discretion of the district court." *United States v. Roney*, __ F.App'x __, 2020 WL 6387844, at *1 (2d Cir. Nov. 2, 2020) citing *Brooker*, 976 F.3d at 236-37.   "Prior to reducing a defendant's term of imprisonment, however, a district court must consider 'the [sentencing] factors set forth in section 3553(a) to the extent they are applicable.'" *Roney*, __ F.App'x __, 2020 WL 6387844, at *1.   The § 3553(a) factors include, *inter alia*, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities.   18 U.S.C. § 3553(a).

While *Brooker* may have expanded the definition of what will qualify as an "extraordinary and compelling" circumstance, the burden of proof still falls squarely upon the movant to demonstrate that his/her circumstances are indeed extraordinary and compelling.   *See United States v. Resnick*, 451 F. Supp. 3d 262, 266 (S.D.N.Y. 2020) citing *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."); *United States v. Clarke*, No. 09 CR 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y.

Oct. 29, 2010) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease." (quoting *Butler*, 970 F.2d at 1026)).

## ARGUMENT

The defendant has submitted an application for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 42. However, the submission falls short of demonstrating that his *particular circumstances* are (i) "extraordinary and compelling reasons warrant[ing] such a reduction" and (ii) that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As such, his motion should be denied.

### 1. Family Circumstances

The defendant submits that his wife suffers from several mental and physical ailments that make her unable to manage her problems and those of their children and that his presence at home is required to serve as caretaker. Dkt. 42. The defendant has submitted various documents with his application to support that his wife has indeed been dealing with various mental and physical ailments, many of which stem from a gunshot wound the defendant's wife suffered in 2008, long before the defendant was arrested in the instant case. *Id.*

Section C of USSG § 1B1.13, comment. (n.1) makes clear that "family circumstances" are limited to the following:

(i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

USSG § 1B1.13(1)(C).

While the government is sympathetic to the struggles the defendant's wife and children are experiencing, it does appear from the defendant's application, that his wife is getting the proper medical care needed to assist her with dealing with her various ailments and contained no documentation that his wife is incapacitated.   The government does not doubt that being separated from his wife and children has been quite difficult for both the defendant and his wife and children, however, "§ 3582(c)(1)(A)(i) still only authorizes release where the family circumstances are truly 'extraordinary and compelling,' and not merely the inevitable circumstances families face when a family member is incarcerated." *United States v. Mitchell*, No. 16-CR-34 (FPG), 2021 WL 958446, at *3 (W.D.N.Y. Mar. 15, 2021) quoting *United States v. John*, No. 15 CR 208 (CM), 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 9, 2020).   One would imagine that many imprisoned defendants have a wife and children who might benefit in some way from their presence at home.   The defendant has also failed to establish that there are no other family members available to serve as a caregiver.   *United States v. Brown*, No. CR 17-153(6) ADM/DTS, 2020 WL 6136121 (D. Minn. Oct. 19, 2020).   Thus, while the defendant's imprisonment may indeed be difficult for he and his family to deal with, it is hardly unique and certainly does not rise to the level of an extraordinary or compelling reason to justify a reduction of the defendant's sentence.   *See United States v. Flores*, No. 17 CR 449-17 (KPF), 2020 WL 2907549, at *2 (S.D.N.Y. June 3, 2020) (explaining that it is the prisoner's burden to show that he is entitled to release).

   2.   *The 3553(a) factors weigh against release*

The Court must also consider the factors set forth in Section 3553(a) in deciding whether compassionate release is appropriate. *See* U.S.S.G. § 1B1.13; 18 U.S.C. 3582(c)(1)(A).

For all of the reasons considered at sentencing, defendant's original sentence of ninety-six (96) months was and remains appropriate.   The nature and circumstances of the defendant's crimes are very serious.   Through his plea agreement and colloquy, the defendant admitted to possessing with intent to distribute, and to distribute 40 grams or more of fentanyl throughout the City of Rochester, including at 1857 East Main Street, Rochester, the very residence where his wife and children reside.    No one needs to be reminded of the danger posed by fentanyl.   There is no doubt that it is an incredibly deadly substance having caused numerous overdose deaths in the Western District of New York and across the country.   Nevertheless, the defendant did not hesitate to sell a significant quantity of this substance for his own personal gain.

Additionally, the defendant has served less than half of his rightly deserved sentence. *See, e.g., United States v. Hilliard*, No. 17 CR 35-01 (VB), 2020 WL 3182778, at *3 (S.D.N.Y. June 15, 2020) (denying release where defendant had only served about 39 percent of his sentence.); *United States v. Alvarez*, No. S3 11 CR 169 (VB), 2020 WL 3640523, at *2 (S.D.N.Y. July 6, 2020) (denying release where defendant had only served about 48 percent of his sentence).   The substantial prison sentence originally imposed by this Court demonstrates that the defendant would present a significant risk of danger to the community if he were to be released from prison.   *See, United States v. Batista*, 2020 WL 3249233, at *3 (S.D.N.Y. June

16, 2020) ("[t]he underlying conduct that led to [the defendant's] incarceration gravely endangered the community and reflects an individual who is accustomed to distributing controlled and highly addictive substances in his community.")   As one Court recently opined, the task here is not to "second guess or to reconsider whether the original sentence was just," but to assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, 432 F.Supp. 3d 421, 429–30 (S.D.N.Y. 2020) (internal quotation marks omitted) (discussing legislative history of provision).

Furthermore, the defendant's "history and characteristics" do not provide any support for his early release.   As the PSR indicated, the defendant has a criminal history that includes felony drug and firearm convictions, demonstrating a history of similar and repeated criminal conduct.   In 2004, the defendant was convicted of possessing with intent to distribute 50 grams or more of cocaine base and sentenced to 37 months imprisonment followed by five years of supervised release.   While on supervised release, the defendant was arrested and charged with Criminal Possession of a Weapon in the Second Degree and other related felony charges.   He was sentenced to five years imprisonment and five years of post-release supervision.   Once released to parole supervision, the defendant was violated again in 2018 for new criminal conduct related to the present conviction.   His criminal history category when sentenced was IV and each time he was released from prison under supervision he was arrested for committing new violations of state and/or federal law.   Even if the defendant could property demonstrate "extraordinary and compelling" family circumstance reasons for his release, the § 3553 factors weigh heavily against him.

8

Any change in the sentence imposed, where no grounds truly exist to alter it, would seriously undermine the fairness and purpose of the original prison sentence in this case. *See United States v. Roney, F.* App'x , No. 20-1834, 2020 WL 6387844, at *2 (2d Cir. Nov. 2, 2020) ("[C]ourts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence.").

>    3.    *This Court has no authority to direct the BOP to place the defendant in home confinement*

The defendant has asked that the remainder of his sentence be converted to home confinement. This request should be denied because this Court has no authority to direct BOP to place a defendant in home confinement. Rather, such designation decisions are committed solely to BOP's discretion.

Once a sentence is imposed, BOP is solely responsible for determining an inmate's place of incarceration. *See* 18 U.S.C. § 3621(b); *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997) (per curiam) ("[a]fter a defendant is sentenced, it falls to BOP, not the district judge, to determine . . . a defendant's place of confinement"); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). A court has no authority to designate a prisoner's place of incarceration. *See Pineyro*, 112 F.3d at 45 ("[w]hile [the] BOP may consider the recommendation of the sentencing judge in determining the place of a confinement, the district judge's views are not controlling"). Because the defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request.

Moreover, there is no constitutional or statutory authority that allows the Court to order home confinement.   A prisoner has no constitutional right to confinement in any particular place including in home confinement.   *See Sandin v. Conner*, 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); *Meachum v. Fano*, 427 U.S. 215 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him to *any* of its prisons.").   Following the imposition of sentence, the Court has limited jurisdiction to correct or modify that sentence absent specific circumstances enumerated by Congress in 18 U.S.C. § 3582.   *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (per curiam).   Section 3582(c) contemplates only a reduction in sentence.   *See* 18 U.S. C. § 3582(c).   But the defendant's request to serve the rest of his term in home confinement, as opposed to prison, works no reduction to his sentence.   Home confinement merely permits the inmate to serve out his imprisonment at home.   The defendant's request for such relief therefore falls outside § 3582(c)'s limited grant of authority to this Court to modify a sentence post-conviction.

Because § 3582(c) deprives the Court of jurisdiction to grant home confinement and because the defendant offers no other statutory authority to support his request for such relief, this Court has no authority to act on his request for such relief in this forum.

## <u>CONCLUSION</u>

For the reasons set forth above, the defendant's motion to reduce his sentence should be denied, as he has failed to demonstrate that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

DATED:        Rochester, New York
              March 26, 2021
                                        Respectfully submitted,

                                        JAMES P. KENNEDY, JR.
                                        United States Attorney
                                        Western District of New York

                              BY:       s/CASSIE M. KOCHER
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        100 State Street, Room 500
                                        Rochester, New York 14614

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                    v.                                          19-CR-6159-FPG

FELIX FIGUEROA,

                              Defendant.

_____

### CERTIFICATE OF SERVICE BY MAIL

        I hereby certify that on March 26, 2021, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system.

        I hereby certify that I have mailed the foregoing, by the United States Postal Service, to the following non-CM/ECF participant:

Felix Figueroa, No. 12053-055
FCI McKean
P.O. Box 8000
Bradford, PA   16701


s/Michelle McCreedy

12